IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALVIN E. JEFFERSON, #Y59906, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 24-cv-01367-SMY |
| ) | |
| TAMMY GRIMES, ) | |
| CAPTAIN COLLINS, ) | |
| C/O WILLIAMS, ) | |
| RICHARD WATSON, ) | |
| and C/O FURTRELL, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Alvin Jefferson filed this action pursuant to the Federal Tort Claims Acts (FTCA), 28 U.S.C. §§ 1346, 2671-2680. He complains of exposure to secondhand smoke and black mold at St. Clair County Jail and claims that St. Clair County employees, in their official capacities, violated his rights under the Eighth and/or Fourteenth Amendments (Doc. 1). Plaintiff seeks monetary and injunctive relief.

The Complaint is subject to preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out portions that are legally frivolous or malicious, fail to state a claim for relief, or seek money damages from an immune defendant. 28 U.S.C. § 1915A(a)-(b).

## Discussion

Plaintiff filed this lawsuit against St. Clair County officials under the Federal Tort Claims Act (FTCA), which authorizes "civil actions on claims against the United States, for money damages . . . for . . . personal injury or death caused by the negligent or wrongful act or omission

1

of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). The only proper defendant in a FTCA case is the United States. *See* 28 U.S.C. § 2679(b); *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008). Therefore, Plaintiff cannot proceed with his FTCA claims because he does not name the United States or seek relief for any tortious conduct of federal employees.

Moreover, Plaintiff's Complaint would not survive screening under 42 U.S.C. § 1983. Plaintiff names St. Clair County officers as the only defendants and mentions no one in the statement of his claim. Section 1983 liability hinges on personal involvement in a constitutional deprivation; the doctrine of *respondeat superior* does not apply in this context. *Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 619 (7th Cir. 2022). Thus, a plaintiff must identify each defendant by name in the statement of his claim and briefly describe what each one did to violate his constitutional rights.

The Complaint also fails to survive screening against the official capacity defendants with respect to Plaintiff's request for injunctive relief. While Plaintiff seeks an order assigning an environmental specialist to inspect St. Clair County Jail for the presence of secondhand smoke and mold, he is no longer housed at the Jail. This renders Plaintiff's request for injunctive relief moot. *Tolentino v. Baker*, 679 F. App'x 503 (7th Cir. 2017).

For each of these reasons, the Complaint will be dismissed. Plaintiff will not be granted leave to file an amended complaint because it would be futile to do so. Finally, because Plaintiff has failed to respond to the Court's Order (Doc. 17) for additional information and Notice of Impending Dismissal (Doc. 22), this case will be closed.

**Disposition**

The Complaint (Doc. 1) and this action are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted against Defendants **TAMMY GRIMES, CAPTAIN COLLINS, C/O WILLIAMS, C/O FURTRELL,** or **RICHARD WATSON**. The dismissal counts as one of three "strikes" Plaintiff is allotted under 28 U.S.C. § 1915(g). Further, because Plaintiff has failed to comply with the Court's Orders (Docs. 17 and 22), this case will be closed. *See* FED. R. CIV. P. 41.

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred when the action was filed, thus the filing fee of $350.00 remains due and payable. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty (30) days of the entry of judgment. FED. R. CIV. P. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Finally, if the appeal is found to be nonmeritorious, Plaintiff may incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment; this 28-day deadline cannot be extended.

The Clerk shall enter judgment accordingly and **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED: 11/12/2024**              s/ *Staci M. Yandle*
                                   **STACI M. YANDLE**
                                   **United States District Judge**